UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS 6

| Case No. | CV 12-1178 DSF (AJWx) | Date | 2/16/12 |
|---|---|---|---|
| Title | Burbank LLC v. Ilana Namvar | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE REMAND FOR LACK OF SUBJECT MATTER JURISDICTION

On February 10, 2012, Defendant removed this action from the Superior Court of the State of California, County of Los Angeles.

Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The burden of establishing federal subject matter jurisdiction is on the party seeking removal. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Defendant asserts federal subject matter jurisdiction under 28 U.S.C. § 1332, also known as diversity jurisdiction. (Notice of Removal ¶ 3.) Federal courts have diversity jurisdiction over all civil actions in which (1) the amount in controversy exceeds $75,000 and (2) there is complete diversity of citizenship between the opposing parties. 28 U.S.C. § 1332(a). Complete diversity requires that all plaintiffs have different citizenship from all defendants. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). A limited liability corporation is a citizen of the states of which each of its members is a citizen. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Defendant fails adequately to allege Plaintiff's citizenship because the citizenship of Plaintiff's members is not alleged. Defendant alleges only that Plaintiff "is a limited liability company organized under the laws of the State of Nevada and having its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS 6

principal place of business in the State of Nevada." (Notice of Removal ¶ 4.)

Because Plaintiff's citizenship cannot be determined, Defendant has failed to establish complete diversity. The action is REMANDED to the Superior Court of the State of California, County of Los Angeles, for lack of subject matter jurisdiction.

IT IS SO ORDERED.